**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| Terri Davison<br>2549 SE Kimbrough Lane<br>Lee's Summit, MO 64063<br><br>Plaintiff,<br><br>v.<br><br>City of Lone Jack, Missouri,<br>**SERVE:**<br>207 N. Bynum<br>Lone Jack, Missouri 64040,<br><br>and<br><br>Jeffrey Jewell, in his official and<br>Individual capacity<br>**SERVE:**<br>207 N. Bynum<br>Lone Jack, Missouri 64040,<br><br>and<br><br>Derrick Ross, in his official and<br>Individual capacity<br>**SERVE:**<br>207 N. Bynum<br>Lone Jack, Missouri 64040,<br><br>and<br><br>Steve Berry, Jr., in his official and<br>Individual capacity<br>**SERVE:**<br>207 N. Bynum<br>Lone Jack, Missouri 64040,<br>and<br><br>Steve King, in his official and<br>Individual capacity<br>**SERVE:**<br>207 N. Bynum<br>Lone Jack, Missouri 64040, | ) | Case No.<br>**JURY TRIAL DEMANDED** |

Defendants. )

## COMPLAINT

COMES NOW Plaintiff, Terri Davison ("Plaintiff"), by and through her attorneys, and alleges the following against Defendants City of Lone Jack, Missouri ( hereinafter “City”) Jeffrey Jewell (hereinafter “Jewell”), Defendant Steve Berry (hereinafter “Berry”), Defendant Derrick Ross (hereinafter “Ross”), Defendant Steve King (hereinafter “King”):

**NATURE OF THE CLAIM**

1. Plaintiff brings suit under 42 U.S.C. §1983 (“§1983”). The Plaintiff is a former female employee of Defendant City who was the victim of intentional discriminatory policies and practices. The Plaintiff has been damaged as a result of Defendant City’s purposefully discriminatory policies in violation of the Acts of Congress and constitutional deprivations committed by Defendants under color of law.

**PARTIES**

2. Plaintiff is an individual woman who at all times relevant herein was a resident of the County of Jackson, State of Missouri and former employee of defendant City employed as City Clerk.

3. Defendant City is a municipality organized and existing under the laws of the state of Missouri and can be served through the Office of the Mayor.

4. That at all times relevant hereto, Defendants are persons within the meaning of 42 U.S.C. §1983.

5. Defendant Jewell, was, at all times mentioned herein, the Chief of police possessing supervisory authority over plaintiff and responsible for all personnel decisions complained of herein. Mr. Jewell was at all times herein an employee of Defendant City.

6. Defendants Berry, Ross, and King, were, at all times mentioned herein, Police Officers employed by Defendant City.

7. At all times mentioned herein, each of the Defendant City's employees named in this petition were the agent, servant and employee of Defendant City, and was at all times herein acting in furtherance of defendant City's business objectives

## JURISDICTION AND VENUE

8. Jurisdiction over of this Court is provided by 28 U.S.C. § 1331.

9. The Court has jurisdiction over defendants because the unlawful acts alleged in this Complaint were committed in Lone Jack, MO, which lies within this federal district.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in Lone Jack, MO, which lies within this federal district.

## PRELIMINARY FACTUAL STATEMENT

11. Defendants would engage in sexually explicit conversations on a daily basis and would use sexually derogatory terms such as "whore" and "slut."

12. Defendants Ross, Berry, Jewell, and King daily discussed the number of women with whom Jewell had engaged in sexual intercourse and those with whom he hoped to engage in sexual intercourse. Jewell boasted on numerous occasions, that he was not sure how many children he had fathered.

13. During her entire employment with the City of Lone Jack, Chief Jeff Jewell was instructed by Mayor Nipper to provide plaintiff with copies of Work Schedules of the officers and specifically his whereabouts. Jewell refused to inform plaintiff of his schedule or to submit a request for days off to plaintiff.

14. On or about July 11, 2000, a court night, after Jewell and officers had eaten their super, Jewell deliberately unlocked the doors to City Hall and let the lawyers in so the Court Clerk and plaintiff couldn't eat because they had to handle the attorneys. Also, plaintiff had to wait until the men ate, before she was allowed to sit at the table to eat.

15. It was the policy to lock the doors after court because there was a great deal of cash. Jewell repeatedly unlocked the doors after plaintiff would lock them. Plaintiff was also to be escorted to the bank by an officer for safety purposes and Jewell refused to have an officer escort plaintiff.

16. Plaintiff was continually degraded, continually subjected to sexually offensive language, and had urine samples placed next to her lunch in the refrigerator. References like who Jewell was going to "slide into next" as pelvic gestures were demonstrated were made on a daily basis.

17. Plaintiff submitted her resignation to the City of Lone Jack in July 2000.

18. Plaintiff was offended by the conduct described above and complained to her supervisors, about the hostile, offensive and intimidating work environment.

19. Management level employees of Defendant City knew or should have known of the sexual harassment and discrimination described herein and of the hostile, offensive and intimidating work environment existing at the workplace.

20. Plaintiff complained about the discrimination and the offensive conduct and the hostile and intimidating work environment.

21. By reason of the alleged acts in paragraphs above, plaintiff's employment with Defendant was rendered so intolerable that the reasonable person in plaintiff's position would feel compelled to resign. Plaintiff severed her employment relationship with Defendant in July 2000.

22. All of the actions or inactions described herein were accomplished within the course and scope of defendants' official capacities and duties but also within their respective individual capacities. All of the conduct occurred under color of state law, and constituted state action for constitutional purposes. Furthermore, the conduct violated clearly established constitutional rights of which reasonable officials would have known. These rights specifically include such clearly established legal rights as these:

- the right to equal protection

23. All of the actions and/or omissions of defendants took place pursuant to, and acting upon, the policies, practices, procedures, patterns, decisions, instructions, orders, and customs of defendant Lone Jack, Missouri. Plaintiff alleges that defendants are liable for damages caused by defendants' intentional and/or wrongful and/or reckless and/or negligent acts and/or omissions while defendants were acting within the course and scope of their employment. This all took place under circumstances where defendant City and defendants Jewell, Ross, Berry, and King are liable as a governmental entity and as officials and individuals, respectively.

24. Defendants' liability is based upon allegations including the following things, all of which demonstrate patterns of behavior and deliberate indifference to the issues raised

and to the rights of citizens. These all led to deprivations of rights, privileges, and immunities secured to plaintiff by the federal and state constitutions as well as federal and state laws.

(a) Deprivation of constitutional rights as set out throughout herein

(b) Inadequate training and instruction of employees as to the preservation of constitutional rights;

(c) Inadequate supervision of employees as to the preservation of constitutional rights;

(d) Inadequate discipline of employees as to the preservation of constitutional rights;

(e) Acquiescence in the actions and omissions described throughout this pleading;

(f) Failure to take remedial action against a known pattern of misconduct;

(g) Deliberate indifference and conscious disregard for a high risk that citizens' federally and state protected rights would be violated.

25. The said actions, omissions, policies, practices, procedures, patterns, decisions, instructions, orders, and customs of defendants were the moving forces behind the constitutional and other violations described in this pleading. Those things are established, in part, by proof of knowledge and acquiescence. Defendants acted together in a joint venture, were joint tortfeasors, and are jointly and severely liable to plaintiff.

26. The described conduct violated clearly established federal and state protected rights of which every reasonably competent official in defendants' respective positions would have, or should have, been aware. As to defendants' actions and omissions toward plaintiff, there was no objectively reasonable reliance on existing law.

27. Defendants were acting under color of state law during all times set out herein, specifically at the times the federal and state constitutional rights were violated.

28. Plaintiff was subjected to various deprivations because of the actions and omissions cited above. Specifically, she was deprived of rights, privileges, and immunities recited throughout this pleading, particularly including:

(a) the customs and usages of the State of Missouri,

(b) rights, privileges, and immunities secured to her by the Constitution and laws of the United States of America, and also the State of Missouri

(c) the right to equal protection

29. Plaintiff specifically alleges that she suffered injuries and damages as a direct and proximate result of the acts of defendants. Plaintiff specifically suffered deprivation of federal and state constitutional rights and also — in connection therewith — loss of income, professional damage, emotional pain, worry, suffering, inconvenience, mental distress in the form of embarrassment, humiliation, and anxiety, fright, nervousness, indignity, humiliation, embarrassment, insult, loss of enjoyment of life and a work suspension. The injuries are severe, permanent, and progressive.

**COUNT I**
**42 U.S.C. §1983**

30. Defendants intentionally engaged in unlawful practices by denying plaintiff her constitutional and legal rights, all in violation of 42 U.S.C. § 1983. These denials were done by policies, practices, procedures, patterns, decisions, instructions, orders, and customs that took place under color of law. Plaintiff was consequently deprived of her federal as well as state constitutional rights to equal protection. To be clear, plaintiff

does allege that defendants were personally involved in causing the alleged deprivations of his constitutional rights. Furthermore, separately and additionally, defendants had actual and/or constructive knowledge that subordinates were also causing deprivations of constitutional rights.

31. The actions and inactions described hereinabove and hereinbelow are incorporated into this Count as though fully set forth. They demonstrate that plaintiff was unlawfully treated in violation of 42 U.S.C. § 1983.

32. As a direct and proximate result of defendants' unlawful acts, plaintiff has suffered damages as set out hereinabove and below:

(a) Economic loss in the form of lost wages and lost benefits;

(b) Vocational-professional losses in the form of a detrimental job record, loss of employment, career damage, damage to reputation and a diminished career potential; and

(c) Inconvenience, loss of enjoyment of life and also mental distress in the form of embarrassment, humiliation, anxiety, emotional pain and suffering.

33. As a further and proximate result of the unlawful acts of defendants, plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, permanent injunction, declaration of rights, together with lost income, and reasonable attorney's fees and expenses incurred herein, pursuant to the provisions of 42 U.S.C. § 1988.

WHEREFORE, plaintiff prays under Count I of this Petition that this Court find that defendants deprived plaintiff of rights, privileges, and immunities secured to her by law. The Court is further asked to grant and award to plaintiff the following against

defendants in their respective, appropriate capacities:

(a) A permanent injunction enjoining defendants (as well as their officers, agents, and employees) from the violative conduct described herein;

(b) Joint and several judgment in the amount allowed by law, for her damages, both actual and punitive.

(c) Costs and expenses of this action, including reasonable attorney's fees; and,

(d) Such other relief as the Court deems appropriate.

**SANDERS, SIMPSON, FLETCHER & SMITH, L.C.**

By__S/ Kirk D. Holman__________

Michael R. Fletcher #47495
Kirk D. Holman #50715
1125 Grand Avenue, Suite 1400
Kansas City, Missouri 64106
(816) 471-6444
FAX: (816) 471-6664
ATTORNEYS FOR PLAINTIFF